IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                           No. 1:09-cr-10043-JDB-1

JAMES BRANDON STEWART,

    Defendant.

---

ORDER DENYING DEFENDANT RELIEF UNDER THE FIRST STEP ACT OF 2018

---

In a pro se filing dated February 7, 2019, the Defendant, James Brandon Stewart, requested consideration for a sentence reduction pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (the "FSA"). (Docket Entry ("D.E.") 87.) On May 8, 2019, Assistant Federal Defender Jawara Griffin filed a notice of completed review, indicating that, in his opinion, Defendant was not eligible for relief. (D.E. 90.) In its response filed June 17, 2019, the Government concurred. (D.E. 94.)

Stewart was indicted in this district on April 20, 2009, for various offenses involving methamphetamine and for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (D.E. 4.) Pursuant to a guilty plea, he received a total sentence of 151 months' incarceration, to be followed by three years of supervised release. (D.E. 71.) He is currently confined in Bureau of Prisons custody.

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.'" *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. §

3582(c)). However, the rule is subject to certain narrow exceptions, *id.*, including the FSA, *United States v. Terrell*, No. 2:09-CR-031, 2019 WL 3431449, at *1 (E.D. Tenn. July 29, 2019).

The statute, signed into law on December 21, 2018, "modified prior sentencing law and expanded vocational training, early-release programs, and other programming designed to reduce recidivism." *United States v. Boulding*, 379 F. Supp. 3d 646, 650 (W.D. Mich. 2019) (quoting *United States v. Simmons*, 375 F. Supp. 3d 379, 385 (E.D.N.Y. 2019)), *appeal filed* (6th Cir. June 25, 2019) (No. 19-1706) & (6th Cir. May 28, 2019) (No. 19-1590). While the law made certain previous statutory changes retroactive, its scope is a limited one.

Specifically, the FSA permits the sentencing court to reduce a sentence "for a covered offense," defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." § 404(a)-(b), 132 Stat. at 5222. Sections 2 and 3 of the Fair Sentencing Act of 2010 dealt with certain crack cocaine offenses. *See United States v. Majors*, 376 F. Supp. 3d 806, 808 (M.D. Tenn. 2019), *appeal filed* (6th Cir. June 13, 2019) (No. 19-5635). Accordingly, the FSA "permits the retroactive reduction of certain drug trafficking sentences, but applies only to those convicted of crack cocaine offenses." *Id.* at 809 (quoting *United States v. Jones*, No. 3:94-CR-00090, 2019 WL 1586814, at *1 (M.D. Tenn. Apr. 12, 2019)); *see United States v. Wiseman*, ___ F.3d ___, 2019 WL 3367615, at *3 (6th Cir. July 26, 2019) ("Section 404 of the Act makes retroactive only certain statutory changes pertaining to threshold crack cocaine weights triggering mandatory minimum sentences that were enacted under the Fair Sentencing Act of 2010.").

The crimes for which Defendant was convicted involved methamphetamine and firearms rather than crack cocaine; thus, they are not "covered offenses" for FSA purposes. The statute provides Stewart no relief.

IT IS SO ORDERED this 19th day of August 2019.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE